IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUTH H. FLIEHMANN-STARKEY,<br><br>Plaintiff,<br><br>vs.<br><br>MR. BILL GATES, and THE BILL GATES FOUNDATION, on Behalf of Microsoft products and/or Advertising Practices and/or campaigns for Educational Studies;<br><br>Defendants. | 8:23CV501<br><br>**MEMORANDUM AND ORDER** |

Pro se plaintiff, Ruth Fliehmann-Starkey alleges Bill Gates, and the Gates Foundation locked her out of her email, depriving her of access to her files. Her claims are frivolous and do not survive initial review.

### SUMMARY OF THE COMPLAINT

Fliehmann-Starkey alleges:

As of 6/22/2023 – Bill Gates, Bill Gates Foundation owner of Microsoft 365 + Windows 10 . . . changed his terms of service to deny access to such products even though I maintain an active paid subscription. Also, as of 11/30/2024 – a personal email will not be allowed making platform obsolete. I paid for no service. Mr. Gates retains ownership of my creative intellectual property such as documents and photographs and music.

Filing No. 1 at 4.

This was damaging because she is "a photographer and often use photographs in the course of business online" and she now "has no access to online educational schools." *Id.* Specifically, she alleges "3000 images are held hostage in cloud based One Drive operations." *Id.* She calculates her damages at "$10.00 a photograph" "plus punitive damages for lost goods + access and a reimbursement of product subscriptions still under

1

contract." *Id.* She sued under the Food Drug and Cosmetic Act, the Sherman Act, copyright law, general consumer protection law, and a few sources of law the Court does not recognize.[1] *Id.* at 3.

## STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

---

[1] For example, The Court could not locate an "1996 Learning and Entertainment Act" or an "RFC 826 Rule" in the U.S. Code or Code of Federal Regulations.

A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) abrogated on other grounds by *Iqbal*, 556 U.S. at 680–81. In other words, a frivolous complaint rests on "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." *Id.*

### ANALYSIS OF THE COMPLAINT

Fliehmann-Starkey's complaint has two fundamental problems: (1) Bill Gates has not worked for Microsoft in over a decade and (2) the Bill Gates Foundation is a charitable organization that does not sell or distribute the Microsoft Office software.

These facts can be considered on initial review because they are subject to judicial notice. *See Salier v. Walmart, Inc.*, 76 F.4th 796, 799 n.4 (8th Cir. 2023). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, Bill Gate retired from day-to-day operations with Microsoft in 2008 to focus on his philanthropic endeavors. *See e.g.*, Microsoft Corp., Proxy Statement, (Schedule 14(a)) (Nov. 19, 2008) ("Mr. Gates retired as an employee effective July 1, 2008 . . ..") He stepped down from the board of directors in 2020. *See e.g.*, Microsoft Corp., Proxy Statement, (Schedule 14(a)) (Dec. 2, 2020) ("This year, Co-Founder and Technology Advisor Bill Gates stepped down from the Company's Board of Directors to dedicate more time to his philanthropic priorities."). These events were well-documented in the international press and are well known in the District of Nebraska. Fliehmann-Starkey's

allegations that Bill Gates was involved with her email problems are "fanciful." *Neitzke,* 490 U.S. at 325.

Likewise, it is well-known that the Bill Gates Foundation is a charitable organization that does not sell the Microsoft Office software. *See e.g.*, The Gates Foundation, Consolidated Financial Statements 7–8 (2025), https://docs.gatesfoundation.org/documents/2024_gatesfoundation_fs.pdf (describing the foundation's activities). Fliehmann-Starkey's allegations that the foundation had anything to do with her email issues are likewise "fanciful." *Neitzke,* 490 U.S. at 325.

The bottom line is it is well-known and uncontrivable that Bill Gates and the Gates Foundation had nothing to do with Microsoft's day-to-day operations in 2023, let alone the chain of events that left Fliehmann-Starkey locked out of her email. So, her claims are frivolous and must be dismissed.

## CONCLUSION

The Court passes no judgment about whether Fliehmann-Starkey has a non-frivolous claim against any other defendant. But any claim against these Defendants is frivolous. THEREFORE, IT IS ORDERED,

1. The Complaint, Filing No. 1, is dismissed without prejudice as frivolous. The Court will enter judgment by separate document.

2. The Clerk of the Court is directed to send to Plaintiff a copy of this Memorandum and Order and the Judgment via U.S. Mail to the address on file with the Court.

Dated this 14th day of August, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge